Judge Owsley
delivered the opinion of the court.
This is a writ of error prosecuted to reverse a decree compelling the plaintiffs in error, to surrender the elder legal title to land claimed under an adverse claim, to that upon which the defendant who was complainant in the circuit court asserted the superior equity.
A decree similar in its provisions to that now complained of by the plaintiffs in error, was previously pronounced by the circuit court, and having been presented to the consideration of this court, was reversed, on account of no order appearing in the record to have been made, apointing the person who answered for the infants’ guardian, to defend *343 for them, and the cause was remanded for further proceedings to be had in the circuit court.
Upon the return of the cause, the circuit court, caused an order to be made, appointing a guardian, but at a subsequent term, discovering that the person who had previously answered for the infants had been appointed guardian, by a special order of the court, made before the decree was first pronounced, and perceiving that the reversal of that decree by this court, was predicated upon an inaccurate transcript of the record in which there was a failure to insert the order appointing the guardian, that court made an order discharging the guardian last appointed, and ordered the cause for hearing upon the answer of the guardian first appointed. Whether, therefore, the court proceeded correctly in hearing the cause, upon the answer of the guardian first appointed is the first question to which the attention of this court is drawn by the assignment of errors.
We are unable to perceive any solid objections to the proceedings of the court in this respect. Acting in obedience to the settled rules of chancery practice, this court when the cause was formerly before it, upon a record containing no appointment of a guardian, was compelled from that cause to reverse the decree, and remand the cause for further proceedings. But whilst the propriety and actual necessity of appointing a guardian ad litem, to defend for the infants, is admitted; no reason is perceived for requiring an additional appointment of a guardian by that court, after discovering, upon the return of the cause, that one had been previously appointed To require a further appointment, would necessarily accumulate expenses to the parties, without conducing to a more complete and thorough investigation of the matter in contest. Without such an appointment, either party if not prepared for trial, by application to the court, and cause shewn, might have obtained time for further preparation: and upon the bill and answer of the guardian first appointed, the relative validity of the conflicting claims, might have been fully investigated and decided.
If therefore no subsequent appointment was necesary, it results the court cannot have erred in setting aside the order making such an appointment on discovering that an order appointing a guardian had been previously made.
Whilst the cause was progressing, one of those for whom the guardian had answered, appeared in court and exhibited *344 a petition; alledging that he had arrived at full age, and praying that he might be made defendant, and that no decree would be rendered against him—but be exhibited no answer, and without making any order on the subject, the court at a subsequent term proceeded to hear and decide the cause.
An infant deft, arriving at age (lispendens) has a right to file an answer, in chief, but a mere petition suggesting that fact, and unaccompanied by an answer, should not arrest the progress of a cause.
An owner of an entry, surveyed after the time for surveying entries generally, coming into equity for relief must shew he has complied with the law, or comes within some of its reservations.
This petition certainly exhibits a very singular aspect, and viewed in any light, we can perceive no error in the court’s proceeding to hear the cause. If the infant after having arrived at full age, had apprehended that his interest was like to be jeopardized, by either a defective or insufficient answer by his guardian, he should have applied for leave to file his answer, and it would have been the duty of the court, upon his exhibiting an answer, to have permitted him to file it; but surely it cannot have been necessary, merely upon his suggesting a desire to be made a defendant in a cause to which he was already a party, and requesting no decree should be rendered against him without producing an answer to the bill, for the court to delay the cause until he might think proper to answer, or submit to a final decison by the court.
Assuming, then, that the cause was regularly heard, we are led to examine the propriety of the decree upon its merits.
The bill of the appellee asserts the superior equity under an entry in the name of John May, in December 1782, and the answer of the appellants, requires proof of the validity of his claim.
We have not deemed it necessary to examine the validity of May’s entry, for if it be admitted a valid entry, still as the survey made in virtue thereof, appears to have been executed in 1799, since the time allowed for making surveys upon such entries expired, we should be of opinion, Bryant cannot be entitled to a decree for the land.
If the owner of May’s entry came within any of the exceptions of the law, limiting the time of surveying, or complied with the requisitions of the law to save it from forfeiture, there is no doubt the circumstance of the survey having been made in 1799, would furnish no objection to Bryant’s right to relief.
But as Bryant was complainant, asking aid of a court of equity, upon an entry purporting to be surveyed after the time allowed for making surveys generally, it was not only necessary that he should alledge in his bill that the owner *345 of the entry came either within the exceptions of the law, or complied with its requisitions, to save the forfeiture; but the allegations, when made, should, moreover, be supported in evidence.
Hardin for plaintiffs.
The bill of Bryant contains, however, no such allegation; and the record is totally destitute of any evidence upon the subject. For that cause, therefore, the court below should have refused the relief sought by Bryant.
The decree must consequently be reversed with cost, the cause remanded to that court and the bill dismissed with cost.